# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM PATRICK PUCKETT, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 7:21-cv-00164 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY, | ) ) ) ) | By:   Hon. Thomas T. Cullen         United States District Judge |
| Defendant. | ) | |

Plaintiff William Patrick Puckett, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, naming the Southwest Virginia Regional Jail Authority ("Jail Authority") as the sole defendant. Having reviewed the complaint, the court concludes that Puckett has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

**I.**

Puckett alleges that he is being housed in protective custody at a correctional facility operated by the Jail Authority. (Compl. ¶ E [ECF No. 1].) He currently has no telephone or visitation privileges, and he is unable to contact his attorney or any of his family members. (*Id.*) Puckett alleges that the lack of communication has caused him to experience severe depression and anxiety. (*Id.* at 3.) He seeks to recover punitive damages in the amount of $500,000. (*Id.* at ¶ F.)

On May 28, 2021, the court issued an order advising Puckett that his complaint did not state a cognizable claim against the named defendant. (*See* ECF No. 5.) The court gave Puckett

the opportunity to file an amended complaint within 21 days. The 21-day period has expired, and Puckett has not filed an amended complaint.

## II.

Under § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Although local governing bodies are persons to whom § 1983 applies, they are not automatically liable for injuries inflicted by their employees or agents. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 694 (1978). "Instead, it is when execution of [an official] policy or custom . . . inflicts the injury that [a local governing body] as an entity is responsible under § 1983." *Id.* at 694. "Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation." *Rabara v. SWVRJA*, No. 7:20-cv-00649, 2021 WL 149860, at *1 (W.D. Va. Jan. 25, 2021) (quoting *Polk*

*Ctny. v. Dodson*, 454 U.S. 312, 326 (1981)). That is, "the entity's policy or custom must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation marks and citation omitted).

In this case, despite being given the opportunity to amend, Puckett does not allege that a policy or custom of the Jail Authority was responsible for his alleged injuries. Nor does he "plead[] factual content that allows the court to draw the reasonable inference" that a policy or custom contributed to the deprivation of a federal right. *Iqbal*, 556 U.S. at 678. Therefore, Puckett fails to state a cognizable § 1983 claim against the Jail Authority.

**IV.**

For the reasons stated, the court will dismiss Puckett's complaint without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTERED** this 6th day of July, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE